896 F.Supp. 1025 (1995)
FRIENDS OF THE WILD SWAN, INC., et al., Plaintiffs,
v.
U.S. FISH AND WILDLIFE SERVICE, an agency of the U.S. Department of the Interior, et al., Defendants.
Civ. No. 94-1318-JO.
United States District Court, D. Oregon.
July 6, 1995.
*1026 Gary Keith Kahn, Reeves Kahn & Eder, Portland, OR, Jack R. Tuholske, Missoula, MT, for plaintiffs.
Kristine Olson, United States Attorney, District of Oregon, Thomas C. Lee, Assistant United States Attorney, United States Attorney's Office, Portland, OR, Ellen J. Kohler, U.S. Department of Justice, Environment and Natural Resources Division, Washington, DC, Scott W. Horngren, Michael E. Haglund, Shay S. Scott, Haglund & Kirtley, Portland, OR, for defendants and intervenor defendants.

OPINION AND ORDER
ROBERT E. JONES, District Judge:
This case involves a challenge under the Endangered Species Act ("ESA"), 16 U.S.C. 1531 et seq. (1988), with regard to the United States Fish and Wildlife Service's ("USFWS") decision not to list bull trout as an endangered species. This dispute is before the Court on Applicants' Motion to Intervene (# 36-1).

BACKGROUND
The Proposed Intervenors ("Intervenors") include "riparian landowners whose property contains bull trout and bull trout habitat, timber companies that hold federal timber sale contracts in national forest watersheds containing bull trout and bull trout habitat, and a sport fisherman guide." Applicants Mem.Supp. at 2. The Intervenors wish to participate in this lawsuit because they will allegedly be directly harmed by Plaintiffs' requested relief (i.e., emergency or permanent listing of bull trout as a threatened or endangered species).
In opposition, Plaintiffs urge the Court to deny the Intervenors' motion because this lawsuit challenges the basis of the USFWS's decision not to list bull trout, which is unrelated to the Intervenors' economic interests. Therefore, the Intervenors do not have a legally protectable interest at stake in the present action. Plaintiffs add that if the USFWS chooses to list the bull trout, the Intervenors may participate in the notice and comment administrative process which precedes the listing.
Similarly, the USFWS also opposes intervention by arguing that emergency listing is not an available remedy because recent legislation precludes the USFWS from providing such relief. Public Law 104-6, 109 Stat. 73, 86 (1995).[1] Furthermore, even if Plaintiffs *1027 successfully show that the USFWS's decision not to list the bull trout was arbitrary and capricious, the appropriate remedy is not to mandate listing, but rather remand the case to the agency to reconsider its decision in compliance with ESA procedures. Therefore, both the USFWS and Plaintiffs argue that the Intervenors do not assert a legally cognizable interest in the present action. In addition, the USFWS maintains that it is best suited to defend its own decision not to list the bull trout, and thus will adequately represent the Intervenors' interest in proper implementation of the ESA.

DISCUSSION

I. FRCP 24(a)(2): Intervention As Of Right
In the Ninth Circuit, a motion to intervene as of right is granted if
(1) the applicant's motion is timely;
(2) the applicant has asserted an interest relating to the property or transaction which is the subject of the action;
(3) the applicant is so situated that without intervention the disposition may, as a practical matter, impair or impede its ability to protect that interest; and,
(4) the applicant's interest is not adequately represented by the existing parties.
Portland Audubon Soc. v. Hodel, 866 F.2d 302, 308 (9th Cir.1989). I find that the Intervenors cannot satisfy the second or third factors because their alleged interests are neither relevant to the narrow inquiry presently before the Court, nor in danger of being impaired by this lawsuit.

A. Legally Protectable Interests
The Ninth Circuit has clearly defined the role of the district court regarding challenges to decisions under the ESA:
[j]udicial review of administrative decisions involving the ESA is governed by section 706 of the Administrative Procedure Act ("APA"). 5 U.S.C. § 706. Friends of Endangered Species, Inc. v. Jantzen, 760 F.2d 976, 981 (9th Cir.1985). Under section 706, the reviewing court must satisfy itself that agency decisions are not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); Friends of Endangered Species, Inc., 760 F.2d at 981-82. The relevant inquiry is whether the agency "`considered the relevant factors and articulated a rational connection between the facts found and the choice made.'" Friends of Endangered Species, Inc., 760 F.2d at 982 (quoting Baltimore Gas & Elec. Co. v. Natural Resources Defense Council, Inc., 462 U.S. 87, 105, 103 S.Ct. 2246, 2256, 76 L.Ed.2d 437 (1983)).
Pyramid Lake Paiute Tribe v. U.S. Dept. of Navy, 898 F.2d 1410, 1414 (9th Cir.1990).
As stated by the Ninth Circuit, this Court's review is limited to an examination of the USWFS's decision not to list the bull trout in light of the record before the agency at the time of its decision. Although judicial review is very limited in scope, the Intervenors request this Court to consider their interests in timber and fishing in determining whether the USFWS's action was arbitrary and capricious. It is well settled that a court may not uphold an agency action on grounds not relied on by the agency. National R.R. Passenger Corp. v. Boston & Me. Corp., 503 U.S. 407, 420, 112 S.Ct. 1394, 1403, 118 L.Ed.2d 52 (1992) (citing SEC v. Chenery Corp., 318 U.S. 80, 88, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943)). Because the Intervenors' merely seek to interject their interests and concerns, outside of the administrative record, in defense of the USFWS's decision, they do not have legally protectable interests at this stage in this litigation. See, e.g., Alameda Water & Sanitation Dist. v. Browner, 9 F.3d 88 (10th Cir.1993) (court denied intervention where intervenor sought to participate in lawsuit so that it could offer additional reasons, outside of the administrative record, to support an agency's denial of a dredge and fill permit).

B. Impairment of Interests
Furthermore, the Intervenor's interests are not in danger of being impaired by this lawsuit because Plaintiffs requested relief (i.e., an injunction mandating either an *1028 emergency listing or a permanent listing of the bull trout) is not available.[2] Rather, the only lawful remedy in favor of Plaintiffs is invalidation of the USFWS's decision and remand to the agency for further consideration; the Court may not force the agency to list bull trout. See e.g., Northern Spotted Owl v. Hodel, 716 F.Supp. 479 (W.D.Wash. 1988) (court remanded case to agency where USFWS's decision not to list the spotted owl was held arbitrary and capricious).[3] Therefore, assuming that this Court remanded the case to USFWS for further consideration and the USFWS decided to list the bull trout, the Intervenors have an adequate forum to challenge a decision which is adverse to their interests. Like the environmental groups in the present case, the Intervenors may comment on the proposed decision to list, pursuant to 16 U.S.C. § 1533, and then challenge the decision in federal court under § 1536(n) by arguing that it was arbitrary and capricious.[4]
In sum, the Intervenors' interests are not legally protectable and will not be impaired by this lawsuit; therefore, they may not intervene as a matter of right.

II. FRCP 24(b)(2): Permissive Intervention
Permissive intervention is allowed when the "intervenor raises a claim that has questions of law or fact in common with the main case, shows independent grounds for jurisdiction, and moves to intervene in a timely fashion." Garza v. County of Los Angeles, 918 F.2d 763, 777 (9th Cir.1990), cert. den., 498 U.S. 1028, 111 S.Ct. 681, 112 L.Ed.2d 673 (1991) (citation omitted). "The decision to grant or deny this type of intervention is discretionary, subject to considerations of equity and judicial economy." Id. (citation omitted).
In determining whether common questions of law or fact exist, a court examines whether the intervenors will contribute to a full development of the issues in the lawsuit. Oregon Env. Council v. Dept. of Env. Quality, 775 F.Supp. 353, 359 (D.Or. 1991) (citation omitted). In Oregon Env. Council, Judge Frye denied a motion to intervene because the proposed intervenors did not possess legally protectable interests, and thus would not contribute to the development of the relevant issues in the case. Id. at 360. Likewise, I conclude that allowing the Intervenors to interject their concerns as full parties in this case would merely confuse the relevant issues. Therefore, the Intervenors' may not permissively intervene in this action.
The Intervenors are, however, granted permission to appear as amicus curiae.

CONCLUSION
Applicants' Motion to Intervene (# 36-1) is DENIED. However, Applicants are granted permission to appear as amicus curiae.
NOTES
[1] Public law 104-6 rescinds $1,500,000 from "amounts available for making determinations whether a species is a threatened or endangered species * * * under the [ESA]; and (2) none of the remaining funds appropriated under that heading may be made available for making a final determination that a species is threatened or endangered * * *."

"The conferees note that this provision has been adopted only to provide a brief `time out' from the [ESA] listings and critical habitat designations." H.R.CONF.REP. No. 101, 104th Cong., 1st Sess. (1995) U.S.Code Cong. & Admin.News 1995, p. ____.
[2] See supra note 1.
[3] See also Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44, 105 S.Ct. 1598, 1606-07, 84 L.Ed.2d 643 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court [citation omitted] * * * * If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (Emphasis Added).
[4] Though I express no opinion as to whether the Intervenors would have standing to challenge a USFWS decision to list the bull trout, I note that Pacific Northwest Generating Co-op v. Brown, 38 F.3d 1058 (9th Cir.1994), offers a recent analysis by the Ninth Circuit of standing under the ESA for industrial-type plaintiffs.